IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLSEASON ENTERPRISES, LLC,
Plaintiff,
Civil Action No. 25-cv-27
v.
NODOMO LLC,
Defendant.

MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Defendant, Nodomo LLC ("Defendant"), by and through its owner, Selman Akinci, filing pro se, respectfully moves this Court to dismiss the case for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. In support of this Motion, Defendant states as follows:

## I. INTRODUCTION

1. Plaintiff, AllSeason Enterprises, LLC, failed to properly serve Defendant before securing a Temporary Restraining Order (TRO) against it. (Exhibit 1 – Declaration of Selman Akinci)

2. Defendant was not served until January 29, 2024, despite the TRO being issued on January 17, 2024, depriving Defendant of the opportunity to contest the order before it was enforced. (Exhibit 3 – Email for service on January 29)

3. Plaintiff sought alternative service under Rule 4(f)(3), and the Court subsequently granted permission to serve by email and website publication.

4. However, service via email is typically reserved for international defendants and is inappropriate for a U.S.-based company like Defendant.

5. The improper service violated due process and deprived Defendant of a fair opportunity to defend itself, warranting dismissal.

## II. FACTUAL BACKGROUND

1. Defendant, Nodomo LLC, is a Nevada-based company with its principal place of business at 8020 S Rainbow Blvd, Ste 100-680, Las Vegas, NV 89139.

2. Plaintiff filed its complaint and moved for a TRO, which was granted on January 17, 2024, before Defendant was served.

3. Plaintiff then filed a motion for alternative service, requesting permission to serve via email and website publication.

4. The Court granted Plaintiff's motion for alternative service on January 25, 2024.

5. Plaintiff served Defendant via email on January 29, 2024, four days after the Court's authorization, but twelve days after obtaining the TRO, demonstrating that the TRO was obtained without proper notice to Defendant.

6. Defendant was unaware of the specifics of the action until receiving the January 29, 2024, email, at which point the TRO had already been in place, causing significant financial harm. (Exhibit 2, 4 and 5 – Emails from Nodomo LLC trying to figure out the details on why their Amazon account was restricted on January 24)

## III. LEGAL ARGUMENT

### A. Plaintiff Failed to Serve Defendant Before Securing the TRO

1. Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, a court may issue a TRO without notice only if the movant provides specific facts showing that immediate and irreparable injury will result before the adverse party can be heard.

2. Plaintiff failed to provide Defendant with any prior notice before seeking the TRO, violating fundamental due process requirements.

3. Plaintiff's delay in serving Defendant until January 29, 2024—twelve days after securing the TRO—further confirms that there was no real urgency justifying the lack of notice.

4. The improper service resulted in a significant financial burden on Defendant, including frozen payments and inability to conduct business, despite Defendant never being afforded the opportunity to defend itself before the order was issued.

### B. Service by Email is Improper for a Domestic Defendant

1. Rule 4 of the Federal Rules of Civil Procedure governs service of process and does not permit service by email unless explicitly authorized by the Court.

2. The Court granted Plaintiff's request for alternative service on January 25, 2024, but this method is typically used for international defendants under Rule 4(f)(3).

3. Defendant is a domestic entity with a registered business address in Nevada, making email service improper under traditional service requirements.

4. Courts have routinely held that service by email is insufficient under Rule 4 unless alternative service is specifically permitted (*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002)).

5. Because Plaintiff failed to serve Defendant through legally recognized methods before obtaining relief from the Court, service remains improper.

### C. Due Process Requires Dismissal for Insufficient Service

1. The Due Process Clause of the Fourteenth Amendment requires that a defendant be provided with notice and an opportunity to be heard before being subjected to a court order.

2. Plaintiff's failure to properly serve Defendant before securing the TRO violated these fundamental rights.

3. The Supreme Court has held that improper service deprives a court of personal jurisdiction over a defendant (*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

4. Because Plaintiff failed to properly serve Defendant before obtaining substantive relief from the Court, the case should be dismissed, or at a minimum, the TRO should be dissolved.

---

**IV. CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court dismiss this action for insufficient service of process. In the alternative, Defendant requests that the Court dissolve the Temporary Restraining Order due to Plaintiff's failure to comply with Rule 4 and due process requirements.

**Respectfully submitted,**

Selman Akinci (Pro Se)
Owner, Nodomo LLC
8020 S Rainbow Blvd, Ste 100-680
Las Vegas, NV 89139
sales@nodomo.com
201-450-1130

# Exhibit 1

Declaration of Selman Akinci

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLSEASON ENTERPRISES, LLC, ) Plaintiff, ) ) Civil Action No. 25-cv-27 v. ) ) NODOMO LLC, ) Defendant. ) )

DECLARATION OF SELMAN AKINCI IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

I, **Selman Akinci**, declare under penalty of perjury under the laws of the United States of America as follows:

1. **My Background and Role in Nodomo LLC** a. My name is Selman Akinci, and I am the owner and authorized representative of Nodomo LLC ("Defendant"). b. Nodomo LLC is a limited liability company organized under the laws of the State of Nevada with its principal place of business located at **8020 S Rainbow Blvd, Ste 100-680, Las Vegas, NV 89139**. c. I am an **international attorney** with an **LL.M. in Intellectual Property from Yeshiva University, New York**, and have extensive experience in intellectual property law.

2. **Lack of Proper Service Prior to TRO Issuance** a. On **January 17, 2024**, the Court issued a Temporary Restraining Order (TRO) against Nodomo LLC. b. At the time the TRO was issued, I had not received any notice of the lawsuit, and Nodomo LLC had not been served with any legal documents related to this case. c. I first became aware of a lawsuit when I received an **email from Amazon**, but this email **incorrectly stated that the case was filed in the United States District Court for the Northern District of Illinois (USDC, ND IL)**. d. Due to this misinformation, I was unable to determine the nature of the allegations or the actual court where the lawsuit had been filed. e. It was only after I independently contacted **Ference & Associates, Plaintiff's counsel**, that I was able to understand that the case had actually been filed in the Western District of Pennsylvania and that a TRO had been issued against my company. f. Nodomo LLC was **not properly served until January 29, 2024—twelve (12) days after the TRO was issued**.

3. **Improper Service by Email** a. Plaintiff sought alternative service through email and website publication, which the Court granted on **January 25, 2024**. b. However, Plaintiff proceeded with email service on **January 29, 2024**, despite the fact that Nodomo LLC is a **domestic U.S. entity** and should have been served through conventional means under **Rule 4 of the Federal Rules of Civil Procedure**. c. Service by email is generally reserved for international defendants, and Plaintiff made no reasonable attempt to serve Nodomo LLC through traditional methods before seeking alternative service.

4. **Harm Caused by the TRO and Improper Service** a. Because I was not served before the TRO was issued, I was denied an opportunity to oppose it or present evidence to the Court. b. As a direct result of the TRO, **my company's Amazon account was blocked, and all payments were frozen**, causing severe financial harm. c. Had I been properly served, I would have timely responded to the allegations and contested the restraining order prior to its issuance.

5. **Conclusion** a. Plaintiff's failure to serve Nodomo LLC before securing a TRO violates fundamental due process rights. b. The improper service and the delay in notifying me of

      the lawsuit further demonstrate that Plaintiff failed to meet the requirements under Rule 4.
      c. I respectfully request that the Court dismiss this case for insufficient service of process under **Rule 12(b)(5)**, or in the alternative, dissolve the TRO due to procedural violations.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this **January 30, 2024**, in Las Vegas, Nevada.

---

**Selman Akinci**
Owner, Nodomo LLC
8020 S Rainbow Blvd, Ste 100-680
Las Vegas, NV 89139
sales@nodomo.com
201-450-1130

# Exhibit 2

Emails from Nodomo LLC trying to figure out the details on why their Amazon account was restricted on January 24)

## RE: Request for Correction or Withdrawal of Complaint (Case No. 25-cv-00027) Nodomo

**F&A Anti-Counterfeiting** <Anti-Counterfeiting@ferencelaw.com>   Fri, Jan 24, 2025 at 12:18 PM
To: Nodomo LLC <sales@nodomo.com>

Civil Case No. 25-cv-27

Allseason Enterprises LLC v ROUTES ENTERPRISES, et al.

NOTICE TO DEFENDANTS
Notice to Defendants and Service

Dear Alper CAMUR,

We are legal counsel to Allseason Enterprises LLC ("Plaintiff"). This letter serves as notice that on Tuesday, January 14, 2025, a Complaint for Damages and Injunctive Relief was entered against you by the United States District Court for the Western District of Pennsylvania in *Allseason Enterprises LLC v ROUTES ENTERPRISES, et al. Civil Case No. 25-cv-27* ("the Lawsuit").

A copy of all relevant documents may be accessed and downloaded at https://ferencelawsuit.com/allseason-routes.

Since we represent Allseason Enterprises LLC, we are unable to provide you with legal advice. Accordingly, we strongly advise that you retain an attorney to assist you in the Lawsuit.

In order to engage in any communications regarding the Lawsuit we kindly ask for the following information:

- Full name and full physical address for the owner of the storefront
- Total number of units sold (from first date product was offered for sale through present day)
- Total number of units in current inventory
- Supplier name, web-site and invoices for where product being offered for sale was acquired

Sincerely,

Ference and Associates LLC
Counsel for Allseason Enterprises LLC


**From:** Nodomo LLC [mailto:sales@nodomo.com]
**Sent:** Friday, January 24, 2025 12:14 PM
**To:** F&A Anti-Counterfeiting
**Subject:** Request for Correction or Withdrawal of Complaint (Case No. 25-cv-00027)


Dear Ference & Associates,

I hope this message finds you well. I am reaching out regarding a recent complaint submitted to Amazon, which has led to the removal of our listing (ASIN: B0D35XLFBJ) and the suspension of our disbursements. The complaint references Case No. 25-cv-00027, filed with the U.S. District Court for the Northern District of Illinois.

Upon reviewing the court's public docket system, we were unable to locate any case information matching this number or any details pertinent to our listing. We have attached a screenshot of the court docket for your reference.

Given this discrepancy, we kindly request that you:

1. Provide the correct case number and relevant details if the filing pertains to our account or products.
2. Withdraw your complaint submitted to Amazon if the case number or the complaint itself is inaccurate or unrelated to our business.

Our listings comply with all applicable intellectual property regulations, and we take allegations of infringement very seriously. However, the current situation has resulted in significant disruption to our business operations. We have already closed the disputed listing on Amazon to mitigate any potential issues.

We have sent two prior emails but have not received a response. If we do not receive clarification or resolution within two business days, we will be compelled to explore further action to address the damages caused.

We appreciate your prompt attention to this matter and look forward to your response.

Sincerely,
Alper CAMUR

Owner & CEO

NODOMO LLC

# Exhibit 3

Email of service by Ference Law Firm on January 29, 2025

## 25-cv-27 TRO, Complaint, Summons

**Dee Odell** <dodell@ferencelaw.com>  Wed, Jan 29, 2025 at 6:29 PM
To: "sales@nodomo.com" <sales@nodomo.com>

 *Re:  Service of Summons, Complaint, Temporary Restraining Order, and all Court filings and Orders on Defendant*

 *sales@nodomo.com*

   *ALLSEASON ENTERPRISES LLC,  v ROUTES ENTERPRISES, et al., (Western District of Pennsylvania)*

   *Civil Action No. 25-cv-27*

Hello Nodomo,

Please be advised that we represent Allseason Enterprises LLC, ("Plaintiffs"), in the above matter that was filed against you for copyright infringement in the U.S. District Court for the Western District of Pennsylvania.


You are hereby being sued. Copies of all the papers for the lawsuit may be viewed at: https://ferencelawsuit.com/allseason-routes/



Sincerely,

Ference & Associates LLC

# Exhibit 4

Emails from Nodomo LLC trying to figure out the details on why their Amazon account was restricted on January 24)

Gmail   Nodomo LLC <sales@nodomo.com>

# Request for Correction or Withdrawal of Complaint (Case No. 25-cv-00027)

**Nodomo LLC** <sales@nodomo.com>   Fri, Jan 24, 2025 at 9:13 AM
To: F&A Anti-Counterfeiting <Anti-Counterfeiting@ferencelaw.com>

Dear Ference & Associates,

I hope this message finds you well. I am reaching out regarding a recent complaint submitted to Amazon, which has led to the removal of our listing (ASIN: B0D35XLFBJ) and the suspension of our disbursements. The complaint references Case No. 25-cv-00027, filed with the U.S. District Court for the Northern District of Illinois.

Upon reviewing the court's public docket system, we were unable to locate any case information matching this number or any details pertinent to our listing. We have attached a screenshot of the court docket for your reference.

Given this discrepancy, we kindly request that you:

1. Provide the correct case number and relevant details if the filing pertains to our account or products.
2. Withdraw your complaint submitted to Amazon if the case number or the complaint itself is inaccurate or unrelated to our business.

Our listings comply with all applicable intellectual property regulations, and we take allegations of infringement very seriously. However, the current situation has resulted in significant disruption to our business operations. We have already closed the disputed listing on Amazon to mitigate any potential issues.

We have sent two prior emails but have not received a response. If we do not receive clarification or resolution within two business days, we will be compelled to explore further action to address the damages caused.

We appreciate your prompt attention to this matter and look forward to your response.

Sincerely,
Alper CAMUR

Owner & CEO

NODOMO LLC

---

**2 attachments**

**Case No. 25-cv-00027.png**
128K


**Amazon Mail.png**
57K

# Exhibit 5

Emails from Nodomo LLC trying to figure out the details on why their Amazon account was restricted on January 24)

# Request for Details Regarding Copyright Infringement (Case No. 25 - 00027)

**F&A Anti-Counterfeiting** <Anti-Counterfeiting@ferencelaw.com>  Wed, Jan 22, 2025 at 1:22 PM
To: Nodomo LLC <sales@nodomo.com>

Hello Nodomo LLC,

We have received your email and will substantively respond to you as quickly as possible.

Best Regards,

Ference & Associates, LLC


**From:** Nodomo LLC [mailto:sales@nodomo.com]
**Sent:** Wednesday, January 22, 2025 2:35 PM
**To:** F&A Anti-Counterfeiting
**Subject:** Request for Details Regarding Copyright Infringement (Case No. 25 - 00027)


Dear Ference & Associates,

I am writing regarding Case No. 25-cv-00027, which has resulted in the removal of one of our product listings on Amazon. Please note that we have already taken down this listing and are not selling the product in question on any platform.

We understand the importance of intellectual property rights and would appreciate it if you could provide specific details about the alleged copyright infringement associated with our product.

If there are additional steps required to fully resolve this matter, please let us know.

Thank you for your time and assistance.

Best regards,
Nodomo LLC

# Exhibit 6

Memorandum of Law

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLSEASON ENTERPRISES, LLC, ) Plaintiff, ) ) Civil Action No. 25-cv-27 v. ) ) NODOMO LLC, ) Defendant. ) )

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Defendant, Nodomo LLC ("Defendant"), submits this memorandum in support of its Motion to Dismiss for Insufficient Service of Process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Plaintiff's attempted service via email is improper and does not satisfy the requirements of Rule 4, as courts have consistently held that electronic service is insufficient for domestic defendants absent explicit court authorization under exceptional circumstances.

**1. Legal Standard for Proper Service Under Rule 4**

Rule 4 of the Federal Rules of Civil Procedure governs service of process and delineates the appropriate methods for serving individuals and corporate defendants:

- **Rule 4(e)** specifies that individuals within the United States must be served personally, by leaving a copy at their dwelling or usual place of abode, or by delivering a copy to an agent authorized to receive service.
- **Rule 4(h)** mandates that corporations must be served in accordance with Rule 4(e) or through a registered agent.

Service by email is **not** a recognized method for domestic entities unless explicitly authorized by a court under **Rule 4(f)(3)**, which pertains to service of international defendants.

**2. Case Law Confirming Email Service is Insufficient for Domestic Defendants**

1. **In re TFT-LCD (Flat Panel) Antitrust Litigation, No. M 07-1827 SI, 2010 WL 1337743 (N.D. Cal. Apr. 2, 2010)**
   - The court granted the defendant's motion to dismiss for insufficient service of process, emphasizing that service must comply with the methods prescribed in Rule 4. The court noted that alternative methods, such as email service, are generally not acceptable for domestic defendants unless traditional methods have been exhausted and the court has granted permission for alternative service.

2. **Wolf Designs, Inc. v. DHR Co., 322 F. Supp. 2d 1065 (C.D. Cal. 2004)**
   - In this case, the court held that service by email was not appropriate for a domestic corporation when the plaintiff had not demonstrated that traditional methods of service were impracticable. The court underscored that Rule 4(h) does not authorize service by email for domestic defendants without prior court approval.

3. **Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007 (9th Cir. 2002)**
   - While the court permitted email service in this case, it was specifically because the defendant was located internationally, and traditional service methods were

impracticable. The court distinguished that such alternative service methods are generally not applicable to domestic defendants without a showing of necessity and explicit court authorization.

### 3. Plaintiff's Improper Email Service Violates Due Process

Plaintiff failed to serve Defendant through proper means before resorting to email service. The cases cited above clarify that:

- Email service is generally **not permitted** for domestic entities unless the plaintiff has exhausted traditional service methods and obtained court approval.

- Plaintiff did not attempt to serve Defendant via registered mail, personal delivery, or through an authorized agent before resorting to email service.

- The Court's authorization of alternative service under **Rule 4(f)(3)** is inappropriate because that provision applies primarily to international defendants, not domestic U.S.-based entities like Nodomo LLC.

Because Plaintiff has failed to comply with Rule 4 and established precedent, the attempted service is **legally deficient**, and the case should be dismissed.

### 4. Conclusion

For the foregoing reasons, Defendant respectfully requests that this Court grant its Motion to Dismiss for Insufficient Service of Process.

Respectfully submitted,

Selman Akinci (Pro Se)
Owner, Nodomo LLC
8020 S Rainbow Blvd, Ste 100-680
Las Vegas, NV 89139
sales@nodomo.com
201-450-1130