IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSEASON ENTERPRISES, LLC,<br><br>                                           Plaintiffs,<br><br>v.<br><br>ROUTES ENTERPRISES, *et al.*,<br><br>                                           Defendants. | Civil Action No. 25-cv-27<br><br>(Judge Colville)<br><br>**FILED UNDER SEAL** |

**[PROPOSED] AMENDED PRELIMINARY INJUNCTION ORDER**

WHEREAS, Plaintiff filed an *Ex Parte* Application for the following: 1) a temporary restraining order; 2) an order restraining assets and Merchant Storefronts (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; and 4) an order authorizing expedited discovery against the Defendants identified on **Schedule "A"** to the Complaint and attached hereto (collectively, the "Defendants"). The Court has considered the Application, the evidence in the record, and the applicable law.

WHEREAS, Plaintiff filed an Ex Parte Motion for An Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3);

WHEREAS, On January 17, 2025, the Court entered the following Orders:

(A) (1) a temporary restraining order; (2) an order restraining assets and Merchant Storefronts, (3) an order to show cause why a preliminary injunction should not issue; and (4) an order authorizing expedited discovery against all of the Defendants identified on the attached Schedule "A", and the Third-Party Service Providers and Financial Institutions, in light of

1

Defendants' intentional and willful offerings for sale and/or sales of Infringing Products ("Application"); and

(B) Order Authorizing Alternative Service on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("the Alternative Service Order");

WHEREAS, pursuant to the terms of the Alternative Service Order, all the Defendants have been served with notice of this Show Cause Hearing; and

WHEREAS, on February 25, 2025, Plaintiff, appeared for the Order to Show Cause Hearing. Some Defendants, appearing through counsel, opposed the Plaintiff's motion for a preliminary injunction.[1] None of the other Defendants filed responses or contested the preliminary injunction order. Further, none of the Third-Party Service Provider(s) or Financial Institution(s) appeared.

Specifically, Plaintiff has presented evidence clearly demonstrating that Defendants are using without authorization Plaintiff's copyrighted photographs[2] and some are engaged in Trademark Infringement and Counterfeiting of Plaintiff's Marks[3] and some are infringing on Plaintiff's Trade Dress[4], while promoting, selling, offering for sale and distributing knock-offs of

---

[1] Defendant Nos. Defendant Nos. 27, 125, 126, 127, 128, and 143's Combined (1) Response in Opposition to Order to Show Cause Why a Preliminary Injunction Should not Issue and (2) Motion to Unfreeze Assets filed by Moving Defendants on February 14, 2025. This combined opposition has been reviewed by the Court along with the Plaintiff's Reply. The Court is not persuaded by these Defendants' Opposition and so issues the Preliminary Injunction. Further, the Defendants' motion to unfreeze assets is also denied. The asset freeze and the $5000.00 bond required of the Plaintiff remain in place.

[2] Plaintiff has obtained the following copyright registrations on its original photographs used to market and advertise its products: TX 9-367-638, TX 9-388-519, TX 9-388-522, TX 9-388-523, TX 9-389-848, TX 9-389-849, TX 9-394-790 all with the title "Multimineral Sea Moss Black Seed" published on October 15, 2022. True and correct copies of the registrations and the deposit copies are attached to the Complaint and marked, respectively, as **Exhibits 3A – G** ("Plaintiff's Works")

[3] Plaintiff owns the common law trademark CLEAN NUTRA™ and registered trademarks, CLEAN NUTRA & design (U.S. Reg. No. 7031116 and CLEAN NUTRACEUTICALS & design (U.S. Reg. No. 7031117) ("Plaintiff's Marks")(True and Correct Copies of the registration certificates are attached to the Complaint as **Exhibits 4A and 4B**)

[4] Plaintiff's Trade Dress comprises the organization, selection of the text, arrangement of the elements of the creative artwork and colors for the label, the differently colored spheres containing abbreviations for various

Plaintiff's Products[5] in a willful attempt to pass off their knock-off products as genuine versions of Plaintiff's Products within this district and throughout the United States by operating e-commerce stores established via at least one of the Internet marketplace websites Amazon.com, AliExpress.com, eBay.com, Temu, Wish.com, and Walmart.com under their Store Names and Seller Names identified on **Amended Schedule "A"** of the Complaint (the "Seller IDs") ("Infringing or Knock-Off Products.)[6]

The Court having considered all of the arguments and evidence set forth in the respective parties filings, and as discussed in Court, having found good and sufficient cause to grant the injunctive relief as set forth below, and, for the reasons set forth on the record, it is hereby ORDERED:

### I. Restraining Order

A. IT IS HEREBY ORDERED, as good and sufficient cause has been shown, the injunctive relief previously granted on January 17, 2025, shall remain in place through the pendency of

---

vitamins, minerals, and supplements, the black tree shaped background and the distinctly proportioned text. The Trade Dress is distinct and immediately conveys the source of the goods to the consumer.

[5] Plaintiff directly sells its supplements on its Amazon store using the ASIN BOBG94RWYN (single bottle) and ASIN BOBG6TGKZS (two bottles). ASIN Refers to Amazon Standard Identification Number. Each product is assigned a unique ASIN when listed on Amazon.

[6] Plaintiff has indicated that prior to filing this lawsuit, Plaintiff viewed a public seller profile that is published by certain Defendant's storefronts that purports to identify the name and address of the Defendant. Solely based upon their representation on their storefronts, the following defendants have identified themselves as US-based and are not at this time alleged to be foreign sellers: Routes Enterprises, A4Effort, BAZAN LLC, DATH store, FanFentac Ltd., FB Handyman, GIANTBEAR GLOBAL, Gibson's Essentials, GP-Shoppers, JhnPakistan, LifexStore, LLC Divine Healing Sea Moss, Mazamart, MDA LOGISTICS INC, Naqi Prime inc, Nodomo, Nutri plus, Orber Shop, Shop with Brookes, TY FAB WORKS LLC, UGIRL-US, VOLTZAP, ank_store, Avidmarket, beauty-store_8, bsm950, Discount Direct Deals 100, Fillapex, freeafterever2013, FURTUE, GlobalTech Treasures Inc, guliyuk-60, HANDSOME/DEAL, hkkule1015, imindsets1030, janakleesdeals, Jessica's Botanical Boutique, kattrodrigue5, Live Love Shop Inspire, mcc-creations-llc, MINGJIE1, minhabeautystore, Naturbodi, onedudeshop, pineappleninja, QC THE MARKET, Qwick Stop, RetailTherapy708, romakha_93, S&J Daily Discounts, sharppointedthings, shelliyode_0, supermarket-k, The.Urban.Essentials, thevitaminshop23, three-3brothers-inc, trendystickers, uclickishipfl, WestCoastGoodz, wingsolutions, Worldmart Wholesale, and zaranew.

this litigation, and issuing this Preliminary Injunction (hereafter "PI Order") is warranted under 17 U.S. Code § 504, and Federal Rule of Civil Procedure 65.

Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby restrained as follows:

(1) from (a) their unauthorized and unlicensed use of Plaintiff's Marks and/or Works and/or Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any products; and (b) shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner products which use Plaintiff's Works;

(2) from secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to their User Accounts,[7] Merchant Storefronts[8] or any money, securities or other property or assets of Defendants (hereinafter collectively referred to as "Defendants' Assets");

(3) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other

---

[7] As defined in the Application, a "User Account" is, as defined in the Complaint, any and all accounts with online marketplace platform(s) Amazon.com, eBay.com, Joybuy, Aliexpress.com, Temu, Walmart.com, and wish.com as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all other persons in active concert with any of them.

[8] As defined in the Application, a "Merchant Storefront" is any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in products which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them.

4

means of importation, exportation, advertising, marketing, promotion, distribution, and/or display for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

(4) each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue use of the Plaintiff's Works within metatags or other markers within website source code, from use on any web page (including as the title of any product listing), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use such terms or works which is visible to a computer user or serves to direct computer searches to Internet based e-commerce stores owned, or operated by each Defendant, including the Merchant Storefronts operating under the Seller IDs;

(5) each Defendant shall not transfer ownership of the User Accounts or Merchant Storefronts associated with the Seller IDs;

(6) each Defendant shall preserve copies of all computer files relating to the use of any User Accounts and/or Merchant Storefronts under the Seller IDs and shall take steps necessary to retrieve computer files relating to the use of the User Accounts and/or Merchant Storefronts under their Seller IDs that may been deleted before the entry of this Order;

(7) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Alibaba.com US LLC d/b/a AliExpress.com ("AliExpress"), Amazon.com, Inc. and its affiliate, Amazon Services LLC d/b/a Amazon.com ("Amazon"), eBay, Inc. d/b/a eBay.com ("eBay"), Whaleco Inc., a Delaware

Corporation, which is a wholly owned subsidiary of Pinduoduo Inc. which is owned by PDD Holdings (collectively, "Temu"), Walmart.com USA LLC and Walmart, Inc. ("Walmart"), and Context Logic, Inc d/b/a Wish.com ("Wish") ("Third Party Service Provider(s)'') and Alipay US Inc. d/b/a Alipay.com ("Alipay"), Amazon Payments, Inc. d/b/a pay.amazon.com, and PayPal, Inc. d/b/a paypal.com ("PayPal"), Walmart d/b/a Walmart Pay ("Financial Institution(s)"), and their related companies and affiliates, shall immediately identify and restrain all funds, as opposed to ongoing account activity, in or which are hereafter transmitted into the accounts related to the Defendants as identified on **Amended Schedule "A"** hereto, as well as all funds in or which are transmitted into (i) any other accounts of the same customer(s); (ii) any other accounts which transfer funds into the same financial institution account(s), and/or any of the other accounts subject to this Order; and (iii) any other accounts tied to or used by any of the Seller IDs identified on **Amended Schedule "A"** hereto;[9]

(8) upon receipt of notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall immediately divert to a holding account for the trust of the Court all funds in or which are hereafter transmitted into all accounts related to Defendants identified in **Amended Schedule "A"** hereto, and associated payment accounts, and any other accounts for the same customer(s) as well as any other accounts which transfer

---

[9] This Order contemplates that discovery may reveal that Defendants may have other user accounts operated by other Third-Party Service Providers and Financial Institutions and that the additionally discovered Third Party Service Providers and Financial Institutions, once identified and provided with notice, shall also be subject to the discovery, restraints and injunctions set forth in this Order.

funds into the same financial institution account(s) as any other accounts subject to this Order;

(9) The Third-Party Service Provider(s) and Financial Institution(s) shall further, within five (5) business days of receiving this Order, provider Plaintiff's counsel with all data that details (i) an accounting of the total funds restrained and identifies the financial account(s) which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into financial account(s) which have been restrained. Such restraining of the funds and the disclosure of the related financial institution account information shall be made without notice to the account holders, until after those accounts are restrained. No funds restrained by this Order shall be transferred or surrendered by any Third-Party Service Provider or Financial Institution for any purpose (other than pursuant to a chargeback made pursuant to that Third Party Service Provider or Financial Institution's security interest in the funds) without express authorization of this Court; (in order to confirm compliance with this Order, the Plaintiff is permitted leave to serve a subpoena on such Third Party Service Provider(s) and Financial Institution(s) seeking the following information:  (a) Bank account and routing numbers registered and used with regard to each seller account; (b) Financial records and other documents identifying the use of third-party payment service providers such as Payoneer and Wise; (c) Dates when funds were last sent from the seller to their seller account and the respective amount transferred; (d) Dates when funds were last sent from the seller account to the seller and the respective amount transferred; (e) amount and location of the seller's assets that are in Amazon's control; and (f) all documents identifying the Defendants.

(10) Upon Plaintiff's request, any Internet marketplace who is provided with notice of this Order, including but not limited to the Third-Party Service Provider(s) and Financial Institution(s), shall immediately cease fulfillment of and sequester Defendants' inventory assets corresponding to the Seller IDs identified on **Amended Schedule "A"** hereto in its inventory, possession, custody, or control, and hold such goods in trust for the Court during pendency of this action;

(11) this Order shall apply to the Seller IDs, associated Accounts and Merchant Storefronts, and any other seller identification names, Accounts or Merchant Storefronts, Third Party Service Provider or Financial Institution accounts which are being used by Defendants for the purpose of infringing the Plaintiff's Works;

(12) Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third-Party Service Provider(s) and the Financial Institution(s), subject to this Order may petition the Court to modify the asset restraint set out in this Order; and

(13) this PI Order and the Alternative Service Order, as amended, shall remain in effect during the pendency of this action or until further order of the Court, and Plaintiff shall serve the Defendants with a copy of this PI Order in accordance with the Alternative Service Order, as amended.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that upon Plaintiff's request, any Internet marketplace that is provided with notice of this Order, including but not limited to the Third-Party Service Providers and Financial Institutions, is hereby restrained, and enjoined from engaging in any of the following acts or omissions pending the hearing

and determination of Plaintiff's Application for a preliminary injunction, or until further order of the Court:

(1) secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to financial accounts associated with or utilized by any Defendant or any Defendant's User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) ("Defendants' Financial Accounts") until further ordered by this Court; and

(2) within five (5) days after receiving notice of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts, and any other listings linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants.

C.    IT IS HEREBY ORDERED, upon Plaintiff's request, within no later than five (5) calendar days of Plaintiff's request: all online marketplaces, including but not limited to, Amazon.com, eBay.com, AliExpress.com, Temu, Walmart.com, and Wish.com, shall upon receipt of this Order, suspend, block, tombstone, and/or delete any and any product listings identified by the Plaintiff as either identical or substantially similar to the Plaintiff's Works and/or Marks and/or Trade Dress, whether sold by the Defendant or other persons or entities.

D. IT IS HEREBY ORDERED, that upon Plaintiff's request, any Third Parties are ordered to suspend any listings of a product that Plaintiff asserts infringes Plaintiff's Works and/or Mark and/or Trade Dress, and is identified as originating from outside of the United States and unfairly competing with Plaintiff's Product.

E. IT IS HEREBY ORDERED, that upon receipt of this Order, Amazon shall not permit any further variants from being linked to the Plaintiff's ASINs without Plaintiff's prior approval.[10]

F. IT IS HEREBY ORDERED, that upon receipt of this Order, Amazon shall remove, block, suspend delete any listing identified by Plaintiff for the following ASINs: BOBG94RWYN (single bottle) and BOBG6TGKZS (two bottles); ASIN (B0CDLTWW2Q).

## II. Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

(1) Plaintiffs may propound interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

(2) Plaintiffs may serve requests for the production of documents pursuant to FRCP 26 and 34, and Defendants, their respective officers, employees, agents, servants and attorneys, and all persons in active concert or participation with any of them, who receive actual notice of this Order, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

(3) Plaintiffs may serve requests for admissions pursuant to FRCP 26 and 36, and Defendants, their respective officers, employees, agents, servants and attorneys, and all

---

[10] According to Amazon, an ASIN is an Amazon Standard Identification Number unique to each product. These are the current ASINs assigned to the Plaintiff's Products by Amazon: BOBG94RWYN (single bottle) and BOBG6TGKZS (two bottles); ASIN (B0CDLTWW2Q).

persons in active concert or participation with any of them, who receive actual notice of this Order, shall provide written responses under oath to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within fourteen (14) days of receiving actual notice of this Order, Defendants and all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to the Third Party Service Provider(s) and the Financial Institution(s), shall provide to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   (1) any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the respective Third-Party Service Provider;

   (2) the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

   (3) the Defendants' methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants'

Financial Accounts associated with Defendants' User Accounts and Defendants' Merchant Storefronts[11]; and

(4) Defendants' unauthorized and unlicensed use of Plaintiff's Marks and/or Plaintiff's Works and/or Trade Dress in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, and any products which use Plaintiff's Works.

### III. Security Bond

IT IS FURTHER ORDERED that the $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this PI Order is terminated.

### IV. Unsealing Order

WHEREAS, the reasons for keeping the documents in this case sealed no longer exist, it is FURTHER ORDERED that the Clerk of Court is hereby directed to unseal all the documents previously filed under seal in this case.

**SO ORDERED.**

SIGNED this _____ day of _____, 2025, at _____ __.m.
Pittsburgh, Pennsylvania

_____
ROBERT J. COLVILLE
UNITED STATES DISTRICT JUDGE

---

[11] The data produced to Plaintiff shall include the data and documents required to be collected by the Federal Trade Commission, pursuant to 15 U.S.C. § 45f; *See also* Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1, *et seq.*(Requiring Third Party Service Providers to collect and keep records pertaining to identities and locations of high volume sellers, as well as financial documents, including, W-8s and W-9s.)

# Schedule "A" CAPS

# Defendants with Store Name and Seller ID

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | ROUTES ENTERPRISES | 102545434 |
| 2 | BIOCARO PHARMACEUTICAL CO., LTD | 1601058349852 |
| 3 | A4EFFORT | ASBGKGVP5SNTW |
| 4 | BAZAN LLC | A3NL9KM7C2UNCP |
| 5 | DANDAN TANG | ANOAKHYPW4WDP |
| 6 | DATH STORE | A2D9VS6KA0DF7J |
| 7 | FANFENTAC LTD. | A1B6STEO8H57OG |
| 8 | FB HANDYMAN | AU5Y8QL1GE8Z9 |
| 9 | GIANTBEAR GLOBAL | A5CST4AX5F0C5 |
| ■ | ■ | ■ |
| 11 | GP-SHOPPERS | AN38XYJTO1MOE |
| 12 | HOME GOODS | A6ICTS3910TKP |
| 13 | JHNPAKISTAN | A6HHCTN8HIGVL |
| 14 | JNJEA | A1AXC292ITC6HT |
| 15 | LIFEXSTORE | A3RS5H5KLHZPS3 |
| 16 | LLC DIVINE HEALING SEA MOSS | A3ERFXGBI7MLQ6 |
| 17 | MAZAMART | AKBRKBMDLIFZN |
| 18 | MDA LOGISTICS INC | A2GXQJPS1APX1E |
| 19 | NAQI PRIME INC | A12JXOLKGY5J30 |
| 20 | NATUREREM | A3OZ1D35LH4AOW |
| 21 | NODOMO | A1ZL3BLMPPT6M2 |
| ■ | ■ | ■ |
| 23 | ORBER SHOP | AV79D96JQRI9T |
| 24 | PUFFCOPAL | A3S9T3B43E4242 |
| 25 | SHOP WITH BROOKES | A1KRTPWBEKMQSL |
| 26 | TY FAB WORKS LLC | A2BPFDO9DF0H2G |
| 27 | UGIRL-US | AI6E2WTTEO8H2 |
| 28 | VOLTZAP | A2RHD0WV5VKT0H |
| 29 | ZWQITDS | A1ZZVE469MFH1 |
| 30 | ALIWAKEEL11 | 146239833821 |
| 31 | ANK_STORE | 387011475483 |
| 32 | AVIDMARKET | 355543724015 |

|  | █ | █ | █ |
|---|---|---|---|
|  | 34 | BCUZOF-YOU-U | 356319236728 |
|  | 35 | BEAUTY-STORE_8 | 364818408578 |
|  | 36 | BETTYSMORNING | 196869510091 |
|  | 37 | BKABEDA | 176622190898 |
|  | 38 | BSM950 | 266951458134 |
|  | 39 | COUNMO | 156569641730 |
|  | 40 | CSGENERALSH | 226456600137 |
|  | █ | █ | █ |
|  | 42 | DISCOUNT DIRECT DEALS 100 | 166356051608 |
|  | 43 | DISCOUNTED_MARKET | 305855720991 |
|  | 44 | DOSTH-HAPPY9 | 286198006066 |
|  | █ | █ | █ |
|  | 46 | FILLAPEX | 305840914514 |
|  | 47 | FREEAFTEREVER2013 | 276528512150 |
|  | 48 | FURTUE | 226481980727 |
|  | 49 | GALLENCEN | 365206171272 |
|  | 50 | GANTY | 375783400387 |
|  | 51 | GLOBALTECH TREASURES INC | 296449924457 |
|  | 52 | GOODLU-78 | 387691460344 |
|  | 53 | GREVIP | 146248058353 |
|  | 54 | GULIYUK-60 | 365095703609 |
|  | 55 | GULOPP_SRE | 176647651599 |
|  | 56 | HANDSOME/DEAL | 126693661427 |
|  | 57 | HELLOYOUNG.STORE | 226443460128 |
|  | 58 | HKKULE1015 | 256595847571 |
|  | 59 | HKT024 | 146246573252 |
|  | 60 | IEDION | 286181903283 |
|  | 61 | IMINDSETS1030 | 355450743099 |
|  | █ | █ | █ |
|  | 63 | JESSICA'S BOTANICAL BOUTIQUE | 355886616760 |
|  | 64 | KATTRODRIGUE5 | 135131657474 |
|  | 65 | LATNAZA_95 | 395617194134 |
|  | 66 | LIVE LOVE SHOP INSPIRE | 266888466445 |
|  | 67 | LONGGOV-69 | 404762547271 |
|  | 68 | LOVE-ISEVERYWHERE | 156542157623 |
|  | 69 | LYCSTYLE | 395506479339 |
|  | 70 | MATHMADU-SKYFREE | 405292629345 |
|  | 71 | MAZHUS_3141 | 145634620801 |

| 72 | MCC-CREATIONS-LLC | 316009087952 |
|---|---|---|
| 73 | MEEKY | 335728429117 |
| ■ | ■ | ■ |
| 75 | MINGJIE1 | 395906127467 |
| 76 | MINHABEAUTYSTORE | 135029689138 |
| 77 | NATURBODI | 315813887099 |
| 78 | NBSTORE-NBGOODS | 375859393361 |
| 79 | NP-JING7654 | 315622044212 |
| 80 | NP-MOBILE451 | 315622052851 |
| 81 | NP-OPPOER | 387571946285 |
| ■ | ■ | ■ |
| 83 | ONEDUDESHOP | 326168615846 |
| ■ | ■ | ■ |
| 85 | PINEAPPLENINJA | 196472518630 |
| 86 | POW-SALE | 156563183581 |
| 87 | PURE-STORE_12 | 316021857541 |
| 88 | QC THE MARKET | 156137900011 |
| 89 | QWICK STOP | 395729865140 |
| 90 | RETAILTHERAPY708 | 266635602741 |
| 91 | ROEE20006 | 386474456664 |
| 92 | ROMAKHA_93 | 305751750781 |
| 93 | S&J DAILY DISCOUNTS | 176287897899 |
| 94 | SECURZZZSHOP | 355958824054 |
| 95 | SEHASI4998 | 355753500211 |
| ■ | ■ | ■ |
| 97 | SHELLIYODE_0 | 316024740319 |
| 98 | SIMONE_MARKET16 | 286137003895 |
| ■ | ■ | ■ |
| 100 | SUPERMARKET-K | 335668263590 |
| 101 | SYEDAZE-0 | 364965765598 |
| 102 | SYFAT33 | 375589683811 |
| 103 | THE.URBAN.ESSENTIALS | 305967114200 |
| 104 | THEVITAMINSHOP23 | 364977067041 |
| 105 | THREE-3BROTHERS-INC | 316029104048 |
| 106 | TOQIRSHAH | 335340705234 |
| ■ | ■ | ■ |
| 108 | UCLICKISHIPFL | 135121237828 |
| 109 | URIOTE_19 | 365282408535 |
| 110 | UROABDUL_0 | 355827638688 |

| 111 | VISENI-SAUSER ID | 156493635728 |
|---|---|---|
| ▉ | ▉ | ▉ |
| 113 | WESTCOASTGOODZ | 186711040087 |
| 114 | WINGSOLUTIONS | 375336761304 |
| 115 | WORLDMART WHOLESALE | 335330796273 |
| 116 | XEMENRY NATURALS | 365265093423 |
| ▉ | ▉ | ▉ |
| 118 | XUETIELONGLONGLONG | 296829699769 |
| ▉ | ▉ | ▉ |
| 120 | YEROSES198 | 356266388673 |
| 121 | YOUMISSFHEERH | 286200145233 |
| 122 | YUMINXUSSTORE | 235798550318 |
| 123 | ZARANEW | 326034856132 |
| 124 | ZUBAIRQU-87 | 126701092634 |
| 125 | ANAN FOODS | 634418217692026 |
| 126 | ANAN HEALTH CARE | 634418217690379 |
| 127 | ANAN HEALTHY | 634418217628703 |
| 128 | ANAN MAKEUP | 634418217690734 |
| 129 | BAISI LE SEEDS | 635517728503399 |
| 130 | BLESSMEET | 634418219520027 |
| 131 | DINJOO A | 634418218344903 |
| 132 | GOOD SHOP OF MR ZHENG | 634418216748874 |
| 133 | HEALTHBREW ESSENTIALS | 634418219505616 |
| 134 | HUAFFEI | 634418216253434 |
| 135 | JACK SHOPPING MALL | 634418216613378 |
| 136 | JACK SKY MALL | 634418217796393 |
| 137 | MOON CLOUD | 634418215635623 |
| 138 | RTBLE DIRECT | 634418217952169 |
| 139 | S580504'SHOP | 635517731206406 |
| 140 | SHICHUAN | 634418215118682 |
| 141 | SHIPINYAO | 634418215007808 |
| 142 | SLWLKJ | 634418216712445 |
| 143 | UGTM | 635517728726664 |
| 144 | ZORN SKY MALL | 634418217921817 |
| 145 | A C MASTERS SA | 618997dcdd5db06c0bd21057 |