IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLSEASON ENTERPRISES, LLC,          CIVIL ACTION NO.: 25-cv-27

    Plaintiff,

v.

ROUTES ENTERPRISES, ET AL.,

    Defendants.

## DEFENDANT'S MOTION TO AMEND PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL

AND NOW, comes Defendant Gibson Fleming, doing business as Gibson's Essentials ("Defendant Gibson's Essentials"), by and through its attorneys, John P. Corcoran, Jr., Esquire, Janine E. Smith, Esquire, and Jones, Gregg, Creehan & Gerace, LLP, and hereby files the within Defendant's Motion to Amend Plaintiff's Notice of Voluntary Dismissal, and in support thereof avers as follows:

1. Defendant Gibson's Essentials is the owner and operator of Gibson's Essentials on Amazon.com through which goods are resold to customers.

2. Plaintiff, Allseason Enterprises, LLC, ("Plaintiff Allseason") is the trademark owner of various CLEAN NUTRA™ products and designs.

3. On January 14, 2025, Plaintiff Allseason filed a Complaint against Defendant Gibson's Essentials, along with over 100 other defendants, seeking relief for an alleged copyright infringement, alleging that defendants knowingly and intentionally sold knock-off and infringing versions of Plaintiff's products.

4. This Honorable Court entered a Temporary Restraining Order enjoining all defendants from unauthorized and unlicensed use of Plaintiff Allseason's copyrighted works.

5.  Before Defendant Gibson's Essentials had filed a responsive motion, Defendant Gibson's Essentials and Plaintiff Allseason entered into settlement negotiations, culminating in a settlement agreement, which was executed on February 4, 2025 (the "Settlement Agreement").[1]

6.  Under the terms of the Settlement Agreement, Plaintiff Allseason agreed to file a voluntary dismissal with prejudice with this Court as to Defendant Gibson's Essentials.

7.  The Settlement Agreement also contained the fairly standard provision that the parties agreed to "execute and file, or cause to be executed and cause to be filed, any documents necessary to terminate the Action…" and said documents "shall provide that the Court will retain jurisdiction over the parties for the purpose of enforcing the terms of the settlement."

8.  On February 4, 2025, Plaintiff Allseason filed a Notice of Voluntary Dismissal, giving notice of the voluntary dismissal with prejudice of all claims against Defendant Gibson's Essentials. A true and correct copy of Plaintiff's Notice of Voluntary Dismissal is attached hereto and marked as Exhibit "A".

9.  Plaintiff's Notice of Voluntary Dismissal inadvertently did not request that this Honorable Court retain jurisdiction over the parties for the purpose of enforcing the settlement. See Exhibit A.

10. A court is authorized to embody the settlement agreement contract in its dismissal order or retain jurisdiction over the settlement contract if the parties agree.[2]

---

[1] Note that the terms of the Settlement Agreement include a confidentiality provision. Accordingly, in light of Allseason's failure to respond to the undersigned's attempts to discuss the within Motion, in an abundance of caution, the Settlement Agreement is not attached as an exhibit at this time. Once an appropriate agreement is reached between the parties regarding the use of the Settlement Agreement in this and other subsequent litigation involving the Settlement Agreement, Gibson will make the complete Settlement Agreement available to the Court.
[2] Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).

11. The ancillary enforcement jurisdiction recognized by the Supreme Court of the United States has been expressly agreed to by the parties in their settlement agreement.[3]

12. Defendant Gibson Fleming and Plaintiff Allseason, as parties to the Settlement Agreement, plainly wished to provide for this Honorable Court to retain enforcement of the Settlement Agreement, despite the inadvertent failure to include this in Plaintiff's Notice of Voluntary Dismissal.

13. This Honorable Court has the authority to amend Plaintiff's Notice of Voluntary Dismissal pursuant to Federal Rules of Civil Procedure, Rule 60(b).[4] [5]

14. In the alternative, this Honorable Court has the authority to relieve the parties from the Voluntary Dismissal with Prejudice filed by Plaintiff.

15. Defendant Gibson Fleming hereby moves this Court to amend Plaintiff's Notice of Voluntary Dismissal to reflect the parties' settlement agreement and to reflect that the Court retains ancillary jurisdiction over the parties for the purpose of enforcing the terms of the settlement agreement. A proposed amended Notice of Voluntary Dismissal is attached hereto as Exhibit "B".

16. In the alternative, Defendant Gibson Fleming hereby moves this Court to relieve the parties from the judgement of the Notice of Voluntary Dismissal under Rule 60(b) and issue

---

[3] Kokkonen, 511 U.S. at 381.
[4] See Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C.Cir.1987); Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 541–42 (6th Cir.2001); Schmier v. McDonald's LLC, 569 F.3d 1240, 1242 (10th Cir.2009) (stating "[l]ike other final judgements, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b).").
[5] Waetzig v. Halliburton Energy Servs., Inc., 145 S. Ct. 690, 700 (2025) (holding that a voluntary dismissal without prejudice is a "proceeding" under Rule 60(b)). The court also reasoned, in response to Appellant's claim that a voluntary dismissal with prejudice was a proceeding but a voluntary dismissal without prejudice was not, that the two were similar enough that if one is a "proceeding," so is the other.

a new Order under Rule 41(a)(2), dismissing the action with prejudice and retaining jurisdiction over the parties' Settlement Agreement.

17.     Defendant Gibson's Essentials contacted Plaintiff's counsel on July 18, 2025, seeking their consent to the requested relief, but has not received a response as of the time of filing of the within Motion.

WHEREFORE, Defendant respectfully requests this Honorable Court grant its Motion to Amend Plaintiff's Notice of Voluntary Dismissal to reflect the parties' Settlement Agreement and to retain jurisdiction over the Settlement Agreement. Alternatively, Defendant respectfully requests this Honorable Court issue an Order relieving the parties from Plaintiff's Notice of Voluntary Dismissal under Rule 60(b) and issue a new Order under Rule 41(a)(2), dismissing the action with prejudice and retaining jurisdiction.

JONES, GREGG, CREEHAN & GERACE, LLP

By: _____
John P. Corcoran, Jr., Esquire
PA I.D. NO. 74906

Jones, Gregg, Creehan & Gerace, LLP
20 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
(412) 261-6400
jpc@jgcg.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2025, a true and correct copy of Defendant's Motion to Amend Plaintiff's Notice of Voluntary Dismissal was served by CM/ECF upon all counsel of record.

By: /s/John P. Corcoran, Jr.
John P. Corcoran, Jr., Esquire
PA I.D. NO. 74906

Jones, Gregg, Creehan & Gerace, LLP
20 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
(412) 261-6400
jpc@jgcg.com