IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLSEASON ENTERPRISES, LLC,      CIVIL ACTION NO.: 25-cv-27

    Plaintiff,

v.

ROUTES ENTERPRISES, ET AL.,

    Defendants.

### DEFENDANT'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO AMEND NOTICE OF VOLUNTARY DISMISSAL

Defendant Gibson Fleming, doing business as Gibson's Essentials ("Gibson"), by and through its attorneys, John P. Corcoran, Jr., Esquire, Janine E. Smith, Esquire, and Jones, Gregg, Creehan & Gerace, LLP, hereby submits this Memorandum of Law in Support of its Motion to Amend Noice of Voluntary Dismissal, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

**I.    PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Gibson operates a business reselling products on Amazon.com, including Plaintiff Allseason Enterprises, LLC's ("Allseason") products under their CLEAN NUTRA™ brand. On January 14, 2025, at the above captioned action, Allseason filed a Complaint against Gibson, along with over 100 other defendants, alleging that defendants were selling knock-off and infringing versions of Allseason's products, and also alleging that defendants infringed Allseason's copyright registrations. Before Gibson had filed a responsive pleading, Gibson and Allseason entered into a settlement agreement, which was executed on February 4, 2025 (the "Settlement Agreement").

Please note that the terms of the Settlement Agreement include a confidentiality provision. Accordingly, in light of Allseason's failure to respond to the undersigned's attempt to discuss the within Motion, in an abundance of caution, the Settlement Agreement is not attached as an exhibit at this time. Once an appropriate agreement is reached between the parties regarding the use of the Settlement Agreement in this and other subsequent litigation involving the Settlement Agreement, Gibson will make the Settlement Agreement available to the Court for consideration of the instant Motion.

The Settlement Agreement includes several standard terms regarding the dismissal of the underlying action. The parties agreed that a dismissal with prejudice of all claims would be filed with the Court as to Gibson within seven (7) business days of execution of the Agreement. The Settlement Agreement also sets forth that the documents necessary to terminate the action "shall provide that the Court will retain jurisdiction over the parties for the purpose of enforcing the terms of the settlement."

On February 4, 2025, Allseason filed a Notice of Voluntary Dismissal with prejudice of all claims against Gibson. (ECM 32) A true and correct copy of the Notice of Dismissal is attached hereto as **Exhibit "A."** However, the Notice of Voluntary Dismissal did not provide that this Honorable Court would retain jurisdiction over the parties for the purpose of enforcing the settlement, nor did it reference the settlement agreement.

Gibson now requests this Honorable Court to amend the Notice of Voluntary Dismissal to reflect the parties' express intent and agreement that the court retain jurisdiction over the parties for the purpose of enforcing the terms of the Settlement Agreement, or, in the alternative, issue an Order relieving the parties of the effects of the Voluntary Dismissal, dismissing the action against Gibson, and retaining jurisdiction over the parties' Settlement Agreement.

## ARGUEMENT

**II. THE NOTICE OF VOLUNTARY DISMISSAL SHOULD BE AMENDED TO CORRECT AN OMISSION PURSUANT TO RULE 60(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Under Rule 41(a)(1)(A), the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgement; or (ii) a stipulation of dismissal signed by all parties who have appeared. This Court has the power to amend or vacate the Voluntary Notice of Dismissal under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party… from a final judgement, order or proceeding for the following reasons: ….
> (1) mistake, inadvertence, surprise, or excusable neglect; … or
> (6) any other reason that justifies relief.

The Third Circuit has held that a voluntary dismissal without prejudice is a final "proceeding" under Rule 60(b). Williams v. Frey, 551 F.2d 932, 934-35 (3d Cir. 1977). Additionally, at least three circuits have found that voluntary dismissals *with* prejudice are final proceedings for the purposes of Rule 60(b). See Randall v. Merrill Lynch, 820 F.2d 1317, 1320 (D.C.Cir.1987); Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 541–42 (6th Cir.2001); Schmier v. McDonald's LLC, 569 F.3d 1240, 1242 (10th Cir.2009) (stating "[l]ike other final judgements, a dismissal with prejudice under Rule 41(a)(1)(A)(i) can be set aside or modified under Federal Rule of Civil Procedure 60(b)). The Supreme Court recently held that voluntary dismissals without prejudice are "proceedings" under Rule 60(b). Waetzig v. Halliburton Energy Servs., Inc., 145 S. Ct. 690, 699-700 (2025). In Waetzig, in response to Appellant's claim that a

voluntary dismissal *with* prejudice was a proceeding but a voluntary dismissal *without* prejudice was not, the Court reasoned that the two were similar enough that if one is a "proceeding" under Rule 60(b), then so is the other. Id. at 699. Thus, the instant dismissal, which was a voluntary dismissal with prejudice, is a proceeding under Rule 60(b).

The Court has the power under Rule 60(b) to correct the parties' mistake of omitting the required language from the Notice of Voluntary Dismissal with prejudice under Rule 41(a)(1)(A)(i). The terms of the Settlement Agreement set forth that the Western District Court of Pennsylvania shall have jurisdiction to enforce the agreement, and that the documents filed dismissing the case "shall provide that the Court will retain jurisdiction over the parties" for that purpose. However, in filing the Notice of Voluntary Dismissal with prejudice as to Gibson under Rule 41(a)(1)(A)(i), the language required by the Settlement Agreement was omitted. Though this required language was mistakenly left out of the Plaintiff's Notice of Voluntary Dismissal, it is clear from the parties' Settlement Agreement that they intended any dismissal of Allseason's action against Gibson to include retention of jurisdiction by this Court to enforce the Settlement Agreement.

Moreover, not only does the Court have the authority to amend the Voluntary Notice of Dismissal as requested, this Court has the authority to exercise ancillary jurisdiction over disputes related to the Settlement Agreement. Parties are permitted to provide for the court's enforcement of a dismissal-producing settlement agreement, and a district court's ancillary jurisdiction extends to the post-dismissal enforcement of federal case settlement agreements, where: (i) there is an independent basis of federal subject matter jurisdiction to hear the claims; (ii) the court incorporated the terms of the settlement agreement into its order of dismissal; or (iii) the court includes a term 'retaining jurisdiction' in its order of dismissal. Kokkonen v. Guardian Life Ins.

4

Co. of Am., 511 U.S. 375, 381 (1994). Here, the Settlement Agreement expressly provides for an independent basis of subject matter jurisdiction to hear claims regarding enforcement of the Settlement Agreement. The Settlement Agreement also explicitly indicates that "any documents necessary to terminate this action… shall provide that the Court will retain jurisdiction over the parties for the purpose of enforcing the terms of the settlement." The parties clearly intended to provide for an independent basis of subject matter jurisdiction to hear claims seeking enforcement of the Settlement Agreement.

The District Court can also attach a condition retaining jurisdiction if the parties agree. Under the Federal Rules of Civil Procedure, Rule 41(a)(2), which governs all dismissals undertaken by way of a court order, courts are granted discretion to condition dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2), Smith v. Phillips, 881 F.2d 902, 904-05 (10th Cir. 1989) (quoting Fed. R. Civ. P. 41(a)(2) (1988)). Such conditions "could include retention of some jurisdiction by the court." Smith v. Phillips, 881 F.2d at 905 (citing McCall-Bey v. Franzen, 777 F.2d 1178, 1188-90 (7th Cir. 1985)). Because the parties agreed in this case to allow the District Court to retain jurisdiction, this Court has the power to condition the dismissal of the action upon the retention of jurisdiction to enforce the settlement agreement.

Accordingly, Gibson respectfully requests that this Honorable Court grant Defendant's Motion to Amend Plaintiff's Notice of Voluntary Dismiss, and either: amend the Notice to include the required language; or, issue an Order relieving the parties from the Notice of Voluntary Dismissal, dismissing the action with prejudice and retaining jurisdiction.

### III.   CONCLUSION

Plaintiff Allseason and Defendant Gibson plainly wished for this Honorable Court to retain jurisdiction to enforce the Settlement Agreement, despite the oversight in omitting this

5

required language in Plaintiff's Notice of Voluntary Dismissal. Accordingly, Defendant respectfully requests this Honorable Court grant its Motion to Amend Plaintiff's Notice of Voluntary Dismissal to reflect the parties' Settlement Agreement and to retain jurisdiction over the Settlement Agreement. Alternatively, Defendant respectfully requests this Honorable Court issue an Order relieving the parties from Plaintiff's Notice of Voluntary Dismissal under Rule 60(b) and issue a new Order under Rule 41(a)(2), dismissing the action with prejudice and retaining jurisdiction.

JONES, GREGG, CREEHAN & GERACE, LLP

By: _____
John P. Corcoran, Jr., Esquire
PA I.D. NO. 74906

Jones, Gregg, Creehan & Gerace, LLP
20 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
(412) 261-6400
jpc@jgcg.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2025, a true and correct copy of Defendant's Memorandum of Law In Support of Motion to Amend Plaintiff's Notice of Voluntary Dismissal was served by CM/ECF upon all counsel of record.

By: /s/John P. Corcoran, Jr.
John P. Corcoran, Jr., Esquire
PA I.D. NO. 74906

Jones, Gregg, Creehan & Gerace, LLP
20 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
(412) 261-6400
jpc@jgcg.com