IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLSEASON ENTERPRISES, LLC, | CIVIL ACTION NO.: 25-cv-27 |
| Plaintiff, | |
| v. | |
| ROUTES ENTERPRISES, ET AL., | |
| Defendants. | |

**DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

AND NOW, comes Defendant Gibson Fleming, doing business as Gibson's Essentials ("Gibson"), by and through its attorneys, John P. Corcoran, Jr., Esquire, Janine E. Smith, Esquire, and Jones, Gregg, Creehan & Gerace, LLP, and hereby files the within Defendant's Motion to Enforce Settlement Agreement, and in support thereof avers as follows:

1. Defendant Gibson hereby moves this Court for an Order enforcing the settlement agreement reached by Gibson and Plaintiff, Allseason Enterprises, LLC ("Allseason") on February 4, 2025 (the "Settlement Agreement").[1]

2. In support thereof, Gibson relies on the Defendant's Memorandum of Law in Support of its Motion to Enforce Settlement Agreement and the exhibits attached thereto.

---

[1] Note that the terms of the Settlement Agreement include a confidentiality provision. Accordingly, in light of Allseason's failure to respond to the undersigned's attempts to discuss the Motion to Amend the Notice of Voluntary Dismissal, in an abundance of caution, the Settlement Agreement is not attached as an exhibit at this time. Once an appropriate agreement is reached between the parties regarding the use of the Settlement Agreement in this and other subsequent litigation involving the Settlement Agreement, Gibson will make the Settlement Agreement available to the Court for consideration of the instant Motion.

3. This Court has jurisdiction over the enforcement of the Settlement Agreement in this matter because the parties expressly agreed in the Agreement that this Court should retain jurisdiction over the parties for enforcement of the terms of the Settlement Agreement.[2]

4. The terms of the Settlement Agreement further set forth that documents necessary to terminate this action would specifically provide that this Court would retain jurisdiction over the parties to enforce the Settlement Agreement.

5. On February 4, 2025, Allseason filed a Notice of Voluntary Dismissal with prejudice of all claims against Gibson but failed to provide for this Court to retain jurisdiction as the parties had agreed. A true and correct copy of the Notice of Voluntary Dismissal filed on February 4, 2025 is attached hereto as Exhibit "A".

6. Gibson has filed a Motion to Amend the Notice of Voluntary Dismissal, requesting this Court to correct the material omission of this Court retaining jurisdiction over the agreement.

7. The Settlement Agreement resolved the dispute regarding Gibson's authority to resell Allseason's genuine, and authentic goods on Amazon.

8. On June 29, 2025, it came to the attention of Gibson that Allseason was in violation of the Settlement Agreement.

9. Specifically, Gibson received notice on June 29, 2025, from Amazon.com that four (4) of Gibson's listings on Amazon.com were removed due to Allseason reporting the

---

[2] The Settlement Agreement states that documents necessary to terminate the action would be filed by the parties and "[t]hose documents shall provide that the Court will retain jurisdiction over the parties for the purpose of enforcing the terms of the settlement." On Page 1 of the Settlement Agreement, the District Court for the Western District of Pennsylvania is identified as the "Court" in this matter.

listings and claiming Gibson was selling counterfeit products. A true and correct copy of the email notifications from June 29, 2025, from Amazon.com are attached hereto as Exhibit "B".

10. Allseason's reporting and request for removal of Gibson's listings violated the Settlement Agreement, which authorizes Gibson to resell Allseason's genuine and authentic goods on Amazon.

11. On June 29, 2025, Gibson received a letter from Allseason ("June Letter") with further information, wherein Allseason alleged that any purchases from the TikTok shop were limited to personal use. A true and correct copy of Plaintiff's letter dated June 29, 2025, is attached hereto as Exhibit "C".

12. In the June Letter, Allseason further alleged that the limit which applied to purchases from the TikTok shop superseded the Settlement Agreement and demanded that Gibson immediately cease all resale of all CLEAN NUTRA™ products. See Exhibit C.

13. In light of the June 29, 2025 correspondence, it is clear that Allseason's disputes Gibson's reselling of genuine and authentic products, not the underlying authenticity of those products, and that Allseason knowingly submitted a false report to Amazon that the products were counterfeit.

14. Allseason's demand for Gibson to cease all resale of authentic CLEAN NUTRA™ products violated the Settlement Agreement, which authorized Gibson to resell genuine and authentic CLEAN NUTRA™ products on Amazon.com.

15. Gibson also received messages on TikTok from the brand's TikTok shop ("TikTok Messages"), claiming Gibson's rights under the Settlement Agreement were "limited" and did not include the right to source products for resale from Allseason's TikTok shop. A true and correct copy of the TikTok Messages is attached hereto as Exhibit "D".

3

16. In the TikTok Messages, Allseason alleged that Gibson's purchases from the TikTok shop constituted "unauthorized diversion," constituting a material breach of the Settlement Agreement. See Exhibit D.

17. In the TikTok Messages, Allseason demanded that Gibson cancel all purchases from the TikTok shop immediately, and return any purchases that Gibson was unable to cancel. See Exhibit D.

18. Nothing in the Settlement Agreement limits Gibson's ability to source genuine and authentic CLEAN NUTRA™ products for resale from any particular store, or provides any limitations on Gibson's resale of the same.

19. The phrase "unauthorized diversion" does not appear in the Settlement Agreement.

20. On the contrary, the Settlement Agreement provides a blanket authorization for Gibson to resell Allseason's genuine and authentic goods on Amazon.

21. Allseason has violated the Settlement Agreement by falsely reporting and causing removal of Gibson's listings on Amazon.com, failing to use the proper channels to address any alleged breach of the agreement, and demanding that Gibson cease all resale, cancel and return all purchases made from the TikTok shop.

22. By entering into a Settlement Agreement that it did not intend to adhere to, Allseason has acted in bad faith.

23. In violating the Settlement Agreement as described herein, Allseason has acted in bad faith.

24. Gibson wishes to continue reselling Allseason's genuine and authentic products on Amazon.com, as he is authorized to do in the Settlement Agreement.

25. Gibson now seeks an Order from this Court compelling enforcement of the Settlement Agreement and sanctioning Allseason for its bad faith conduct by awarding Defendant reasonable attorneys' fees incurred in enforcing the Settlement Agreement.

WHEREFORE, Defendant Gibson respectfully requests the Court grant its Motion to Enforce Settlement Agreement and enter an Order: (1) enforcing the terms of the Settlement Agreement; (2) cautioning Plaintiff Allseason against further violations of the Settlement Agreement; (3) retaining jurisdiction over enforcement of the agreement; and (4) awarding Defendant Gibson attorneys' fees and costs incurred in seeking to amend the dismissal and enforce the Settlement Agreement, and any other such relief deemed appropriate by the Court.

JONES, GREGG, CREEHAN & GERACE, LLC

By: _____
John P. Corcoran, Jr., Esquire
PA I.D. NO. 74906

Jones, Gregg, Creehan & Gerace, LLP
20 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
(412) 261-6400
jpc@jgcg.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2025, a true and correct copy of Defendant's Motion to Enforce Settlement Agreement was served by CM/ECF upon all counsel of record.

By: /s/John P. Corcoran, Jr.
John P. Corcoran, Jr., Esquire
PA I.D. NO. 74906

Jones, Gregg, Creehan & Gerace, LLP
20 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
(412) 261-6400
jpc@jgcg.com