**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ALLSEASON ENTERPRISES, LLC,      CIVIL ACTION NO.: 25-cv-27

    Plaintiff,

v.

ROUTES ENTERPRISES, ET AL.,

    Defendants.

**DEFENDANT'S MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Defendant Gibson Fleming, doing business as Gibson's Essentials ("Gibson"), by and through its attorneys, John P. Corcoran, Jr., Esquire, Janine E. Smith, Esquire, and Jones, Gregg, Creehan & Gerace, LLP, hereby submits this Memorandum of Law in Support of its Motion to Enforce Settlement Agreement.

## I.    PROCEDURAL HISTORY AND STATEMENT OF FACTS

Gibson operates a business reselling products on Amazon.com, including Plaintiff Allseason Enterprises, LLC's ("Allseason") products under their CLEAN NUTRA™ brand. On January 14, 2025, Allseason filed a Complaint against Gibson, along with over 100 other defendants, alleging defendants were selling knock-off and infringing versions of Allseason's products and defendants infringed Allseason's copyright registrations. Before Gibson had filed a responsive pleading, Gibson and Allseason entered into a settlement agreement, which was executed on February 4, 2025 (the "Settlement Agreement").[1] Under the terms of the Settlement

---

[1] Note that the terms of the Settlement Agreement include a confidentiality provision. Accordingly, in light of Allseason's failure to respond to the undersigned's attempts to discuss the Motion to Amend the Notice of Voluntary Dismissal, in an abundance of caution, the Settlement Agreement is not attached as an exhibit at this time. Once an

Agreement, the parties agreed that a dismissal with prejudice of all claims would be filed with the Court as to Gibson. In a fairly standard provision, the Settlement Agreement also states that the documents necessary to terminate the action "shall provide that the Court will retain jurisdiction over the parties for the purpose of enforcing the terms of the settlement." The parties agreed that the Settlement Agreement would be governed by the laws of the Commonwealth of Pennsylvania. On February 4, 2025, Allseason filed a Notice of Voluntary Dismissal with prejudice of all claims against Gibson. A true and correct copy of the Notice of Voluntary Dismissal filed on February 4, 2025 is attached hereto as **Exhibit "A"**. However, the Notice of Voluntary Dismissal did not provide that this Honorable Court would retain jurisdiction over the parties for the purpose of enforcing the settlement, nor did it mention any settlement agreement. See Exhibit A.

On June 29, 2025, it came to Gibson's attention that Allseason was in violation of the Settlement Agreement. Specifically, Gibson received notice on June 29, 2025, from Amazon.com that four (4) of Gibson's listings on Amazon.com were removed due to Allseason reporting the listings and claiming Gibson was selling counterfeit products. A true and correct copy of the email notifications from June 29, 2025, from Amazon.com are attached hereto as **Exhibit "B"**. In direct contradiction to the report to Amazon.com that the products were counterfeit, on June 29, 2025, Gibson received a letter from Allseason ("June Letter"), wherein Allseason alleged that any purchases from the TikTok shop were limited to personal use. A true and correct copy of Plaintiff's letter dated June 29, 2025, is attached hereto as **Exhibit "C"**. In the June Letter, Allseason further alleged that the limit which applied to purchases from the TikTok shop superseded the Settlement

---

appropriate agreement is reached between the parties regarding the use of the Settlement Agreement in this and other subsequent litigation involving the Settlement Agreement, Gibson will make the Settlement Agreement available to the Court for consideration of the instant Motion.

Agreement between the parties and demanded that Gibson immediately cease all resale of all CLEAN NUTRA™ products. See Exhibit C.

While working to resolve the dispute, Gibson has ceased all resale of CLEAN NUTRA™ products. Gibson also received messages on TikTok from the brand's TikTok shop ("TikTok Messages"), claiming Gibson's rights under the Settlement Agreement were "limited" and did not include the right to source products for resale from Allseason's TikTok shop. A true and correct copy of the TikTok Messages is attached hereto as **Exhibit "D"**. In the TikTok Messages, Allseason also alleged that Gibson's purchases from the TikTok shop constituted "unauthorized diversion," constituting a material breach of the Settlement Agreement. See Exhibit D. In the TikTok Messages, Allseason also demanded that Gibson cancel all purchases from the TikTok shop immediately and return any purchases that Gibson was unable to cancel. See Exhibit D.

The Settlement Agreement contains an integration clause. Nothing in the Settlement Agreement limits Gibson's ability to source genuine and authentic CLEAN NUTRA™ products for resale from any particular store. On the contrary, the Settlement Agreement provides that Gibson is authorized to resell Allseason's genuine and authentic goods on Amazon.

Contemporaneous with the instant motion, Gibson has filed a Motion to Amend the Notice of Voluntary Dismissal, at ECF Docket No. 85, requesting that this Honorable Court amend the Notice to reflect the parties' Settlement Agreement and to retain jurisdiction over the parties for the purpose of enforcing the terms of the Settlement Agreement, or in the alternative, issue an Order reflecting the dismissal of the action against Gibson and retaining jurisdiction over the parties' Settlement Agreement.

## II.    ARGUMENT

### A.  This Court Has Jurisdiction Over the Within Motion Pursuant to the Terms of the Settlement Agreement.

For the reasons set forth within Defendant's Motion to Amend Plaintiff's Notice of Voluntary Dismissal, filed contemporaneously at ECF Docket No. 85, which is incorporated as if fully set forth herein, this Court has jurisdiction to enforce the Settlement Agreement pursuant to the explicit terms of the Settlement Agreement. The Settlement Agreement explicitly indicates in a fairly standard provision that "any documents necessary to terminate this action… shall provide that the Court will retain jurisdiction over the parties for the purpose of enforcing the terms of the settlement." The parties clearly intended to provide for an independent basis of subject matter jurisdiction to hear the within claims. If this Honorable Court grants the contemporaneous Motion to Amend the Notice of Voluntary Dismissal to correct this oversight in omitting this required language, ancillary jurisdiction exists over the within Motion.

### B.  Allseason has violated the Settlement Agreement by preventing Gibson from continuing to resell genuine, authentic CLEAN NUTRA™ products on Amazon.

Under Pennsylvania law, the enforceability of settlement agreements is governed by principles of contract law. Mazella v. Koken, 739 A.2d 531, 536 (Pa. 1999); see also Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 582 (3d Cir. 2009). Settlement agreements are regarded as contracts and must be considered pursuant to general rules of contract interpretation. Friia v. Friia, 780 A.2d 664, 668 (Pa. Super. Ct. 2001). Under basic contract principles in Pennsylvania, an agreement is enforceable if both parties have manifested an intention to be bound by its terms and the terms are sufficiently definite to be specifically enforced. Channel Home Ctrs. v. Grossman, 795 F.2d 291, 298-99 (3d Cir. 1986). As with any contract, Pennsylvania requires a meeting of minds of parties to a transaction or controversy upon all the terms of the settlement.

4

Mazella, 739 A.2d at 536. With respect to the definiteness of the terms of the agreement, a contract contains an ambiguity if it is reasonably susceptible of different constructions or impossible to understand. Murphy v. Duquesne Univ. of The Holy Ghost, 777 A.2d 418, 430 (Pa. 2001); Am. Eagle Outfitters, 584 F.3d at 586. The intent of the parties to a contract can be ascertained by examining the written agreement. Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 613 (3d Cir. 1995). When the words of the contract are clear and unambiguous, the intent of the parties must be determined without extrinsic or parole evidence. Bohler-Uddeholm Amer., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 92-93 (3d Cir. 2001). Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be the best and only evidence of their agreement. Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 436 (Pa. Super. Ct. 2004). The effect of an integration clause is to make the parole evidence rule particularly applicable. Hart v. Arnold, 884 A.2d 316, 341 (Pa. Super. Ct. 2005).

In this case, the parties manifested an intention to be bound by the terms of the agreement by executing the Settlement Agreement in writing on February 4, 2025. The Settlement Agreement included an integration clause, and as such, the Settlement Agreement constitutes the entire agreement between the parties. Furthermore, the terms of the agreement are not ambiguous. The parties agreed that the Settlement Agreement authorizes Gibson to continue reselling Allseason's genuine and authentic goods on Amazon.com. Under the plain meaning of the Settlement Agreement, Allseason authorized Gibson to continue reselling Allseason's products on Amazon. Nothing in the Settlement Agreement limits Gibson from sourcing genuine and authentic CLEAN NUTRA™ products for resale from any particular store or provides any limitations on Gibson's resale of the same. Thus, Allseason's actions – including falsely reporting Gibson's listings on Amazon for removal, demanding Gibson to return and cease all resale of Plaintiff's products, and

attempting to retract or recharacterize their authorization to Gibson as "limited" – are violations of Gibson's rights under the Settlement Agreement.

### C. Allseason's Conduct Warrants Sanctions

The Court should sanction Allseason for its bad faith conduct in failing to comply with the terms of the settlement agreement reached on February 4, 2025, which has necessitated the instant motion. The Court has the "inherent authority to impose sanctions upon those who would abuse the judicial process." Republic of the Philippines v. Westinghouse Elec., 43 F.3d 65, 73 (3d Cir. 1994), citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). See also, Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-65 (1980); Quiroga v. Hasbro, Inc., 934 F.2d 497, 505 (3d Cir. 1991). These powers derive from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43, quoting Link v. Wabash R. Co., 370 U.S. 626, 630-631 (1962).

The Court can choose the sanction appropriate for the conduct based on the circumstances of the particular case. See Zuk v. Eastern Pa. Psychiatric Inst. Of the Medical College of Pa., 103 F.3d 294 (3d Cir. 1996). In this case, the Court should exercise this power in light of the unnecessary burdens imposed on Gibson by Allseason's actions which are contrary to the express terms of the parties' Settlement Agreement. These actions include filing documents to dismiss the action without the required language, knowingly submitting false reports that Gibson's listings were counterfeits to Amazon.com, and failing to use the proper channels to address any alleged breach of the Settlement Agreement by Gibson by communicating with Gibson or filing a Motion to Enforce before reporting Gibson to Amazon. Additionally, Allseason's failure to respond and cooperate with Gibson's counsel has prolonged the resolution of these issues.

Federal courts, including this one, have recognized their power to sanction parties for the attorneys' fees and costs they inflicted on other parties by attempting to evade the obligations of their settlement agreements. See, e.g., <u>Days Inn Worldwide, Inc. v. Sumana Hospitality, LLC</u>, 2010 WL 1529607 (2010 D.N.J.); <u>Elliot v. Marinos</u>, 2013 U.S. Dist. LEXIS 115125, *8 (W.D. Pa. 2013); <u>Thermolife Int'l, LLC v. D.P.S. Nutrition, Inc.</u>, 2015 U.S. Dist. LEXIS 183157, *22 (W.D. Pa. 2015); <u>Doi v. Halekulani Corp.</u>, 276 F.3d 1131, 1140-41 (9th Cir. 2002) (inherent power); <u>Ahern v. Central Pacific Freight Lines</u>, 846 F.2d 47, 49-50 (9th Cir. 1988) (Fed. R. Civ. P. Rule 11); <u>Simpson v. Columbus Southern Power Co.</u>, 2003 U.S. Dist. LEXIS 13400, *18 (S.D. Ohio Jul. 14, 2003) (inherent power); <u>Ullmann v. Olwine, Connelly, Chase, O'Donnell & Weyher</u>, 123 F.R.D. 25, 262 (S.D. Ohio 1987), aff'd, 857 F.2d 1475 (6th Cir. 1988). Cert. denied, 489 U.S. 1080 (1989). <u>See also</u> <u>Toon v. Wackenhut Corrections Corp.</u>, 250 F.3d 950, 952-54 (5th Cir. 2001) (sanctions pursuant to court's inherent power assessed for failure to seal settlement enforcement motion). In <u>Sumana Hospitality</u>, the Court awarded the party seeking enforcement of a settlement agreement its reasonable attorneys' fees incurred in enforcing the agreement. 2010 WL 1529607 at *3. The Court found that the enforcing party's reasonable attorneys' fees, limited to the fees incurred since the parties' settlement conference, would properly redress the burden incurred by the other party's misconduct. Id. at *3. Likewise, this Court should exercise its power to sanction Allseason for failing to include the required language in the dismissal, knowingly submitting false reports that Gibson's listings were counterfeits to Amazon.com, demanding that Gibson cease their authorized resale, cancel and return all purchases from the brand's TikTok shop, and failing to use the proper channels to address any alleged breach of the agreement by ordering Allseason to pay Gibson's attorneys' fees and costs incurred in seeking to amend the non-conforming dismissal and enforce the February 4, 2025 Settlement Agreement.

## III.    CONCLUSION

Plaintiff has disregarded and violated the terms of the Settlement Agreement with no legal basis to do so. Accordingly, Defendant respectfully requests that the Court enter an Order (1) enforcing the settlement as memorialized in the Settlement Agreement entered into on February 4, 2025; (2) cautioning Plaintiff Allseason that any further violation of the Settlement Agreement may be subject to contempt proceedings; and (3) retaining continuing jurisdiction over the violations of the Settlement Agreement alleged in Defendant's Motion to Enforce Settlement Agreement and any other alleged violations; and (4) awarding Defendant Gibson attorneys' fees and costs incurred in seeking to amend the dismissal and enforce the Settlement Agreement, and any other such relief deemed appropriate by the Court.

JONES, GREGG, CREEHAN & GERACE, LLP

By:    */s/John P. Corcoran, Jr.*
John P. Corcoran, Jr., Esquire
PA I.D. NO. 74906

Jones, Gregg, Creehan & Gerace, LLP
20 Stanwix Street, Suite 1100
Pittsburgh, PA 15222
(412) 261-6400
jpc@jgcg.com

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of July, 2025, a true and correct copy of Defendant's Memorandum of Law In Support of Motion to Enforce Settlement Agreement was served by CM/ECF upon all counsel of record.

By:    */s/John P. Corcoran, Jr.*
        John P. Corcoran, Jr., Esquire
        PA I.D. NO. 74906

        Jones, Gregg, Creehan & Gerace, LLP
        20 Stanwix Street, Suite 1100
        Pittsburgh, PA 15222
        (412) 261-6400
        jpc@jgcg.com